**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES D. ERVIN, | ) | CASE NO.  1:12cv739 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

On  March 27, 2012, Petitioner  *pro se*  James D. Ervin filed the above  - captioned habeas corpus action under 28 U.S.C. § 2254. Ervin is incarcerated in an Ohio penal institution, having been convicted on December 11, 2008, pursuant to a guilty plea, of attempted grand th eft of an autom obile, receiving stolen property (two counts), burglary, and breaking and enteri ng. For the reasons stated below, the Petition is d enied and this action is dismissed.

A federal district court m ay entertain a petition for a writ of habeas corpus by a person in state custody only on the ground th at the custody violates the Constitution or laws of the United States. The petitione      r must have exhausted all available state remedies. 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing 2254 Cases, the petition must be dism issed if "it plainly appear s . . . that the petiti oner is not entitled to relief."

As grounds for the Petition, Ervin asserts that his constitutional rights were violated during the plea proceeding because: 1) the trial co urt did not inform him of his

right against compulsory self-incrimination, and 2) the trial court did not inform him of his

right to compulsory process to present his own evidence at trial.

        The foregoing grounds are fla tly contradicted by the  transcript of the plea

hearing attached to the Petit ion. That transcript shows the following exchange between

Ervin and the trial judge:

**Judge**:         Now, you have certain trial rights. You're giving them up by pleading guilty. I'm going to go through them one at a tim e. I need to make sure that you know and understand you have these rights and that you're vol untarily giving them up. As I explain your rights to you, if  you have any question about what I am saying or need a better explanation, then you need to  let m e  know. Otherwise, I will assum  e you answered exactly the question I asked. Fair enough?

**Ervin**:         Yes, sir.

        *     * *

**Judge**:         You have the right to use  the subpoena power of the Court to get any witnesses you need   to come here to tes tify for you, especially witnesses that are reluctant to come to Court, witnesses that are out of state, witnesses that are locked up someplace; I can g et them here for you. Do you understand that?

**Ervin**:         Yes, sir.

**Judge**:         You have the right to tell your side of the story and testify in your own defense, or you can refuse to testify. It's one way or the other, but it is your  choice. No one could m ake you testify if you did not want to, and if you chose not to testify, that could not be used agai nst you to prove that you were guilty. In fact, the prosecutor could not even comment on your  silence to infer that you m       ight  be guilty, hav  e something to hide, or m aybe you have a prior conviction. The jurors would be told you ha ve that constitutional right not to take the stand and testify. We would only select jurors who agree to uphold that right. Do you understand that?

2

**Ervin**:          Yes, sir.

(ECF Doc # 1-5, tr. pp.13, 16-17).

By any reasonable standard, the transcript conclusively reflects Ervin was given a full and clear explanation of his right against self-incrimination and of his right to compel the attendance of witnesses in his favor. *See, e.g., United States v. Taylor*, 281 F. Appx. 467, 470 (6th Cir. 2008) (technical violations of Fed. R. Crim. P. 11 concerning language used to explain rights to compulsory process and against self-incrimination do not render plea unconstitutional).

For the foregoing reasons, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 26, 2012                    _____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**